IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NESHAMINY MALL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 07-4789** |
| | : | |
| **SPORTS FAVORITES, INC.** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                                             May 8, 2008

Now before the Court is Plaintiff's Motion to Remand (the "Motion"). For the reasons discussed below, the Motion will be granted.

**I. BACKGROUND**

This matter arises from a lease dispute between Plaintiff Neshaminy Mall ("Plaintiff" or "the Mall") and Defendant Sports Favorites, Inc., one of Plaintiff's tenants. In 1998, Defendant signed an agreement to lease retail space in the Mall. See Lease Agreement, attached to the Mot. at Ex. A. The Lease Agreement, including its subsequent amendments, expired on May 31, 2006. Plaintiff alleges that although Defendant did not extend the Lease Agreement past May 31, 2006, it continues to occupy the retail space as a holdover tenant.[1] As specified in the Lease Agreement, a holdover tenant remains a tenant on a month-to-month basis, and either party has the right to terminate the holdover tenancy upon one month's written notice. See id. art. 35.

---

[1] Defendant disputes this assertion, arguing that the parties orally modified the lease to extend through January 1, 2008. The Court need not resolve the dispute for the purposes of this Motion.

On September 29, 2007, Plaintiff notified Defendant that the tenancy would be terminated on October 30, 2007.  See Letter of Termination dated 9/29/07, attached to the Mot. at Ex. B.  On October 24, 2007, after Defendant informed Plaintiff that it would not vacate, Plaintiff filed an action in the District Magistrate Court for Bucks County, Pennsylvania, seeking ejectment and $8,000 in unpaid back charges.  See Compl., attached to the Mot. at Ex. C.  On November 14, 2007, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332, Defendant removed to this Court pursuant to 28 U.S.C. § 1441.  See Def.'s Notice of Removal ¶ 3.  Plaintiff filed the instant Motion to Remand on November 28, 2007.

## II.  LEGAL STANDARD

A defendant in a state court may remove his or her case to a United States District Court if that court has original jurisdiction over the action.  28 U.S.C. § 1441.  When removing a state case to federal court, the defendant bears the burden of establishing federal jurisdiction.  See, e.g., Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).  The statutes governing removal "are to be strictly construed against removal and all doubts should be resolved in favor of remand."  Id. (quoting Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).  "If there is any doubt as to the propriety of removal, the case should not be removed to federal court."  Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996).  In diversity cases, removal is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b).

**III. DISCUSSION**

    **A. Motion to Remand**

Plaintiff argues that because Defendant admits its Pennsylvania citizenship, removal to federal court violates 28 U.S.C. § 1441(b) since the original action was brought in Pennsylvania state court.  See Def.'s Notice of Removal ¶ 7 ("Sports Favorites, Inc. is a citizen of Pennsylvania as a Pennsylvania Corporation with its principal place of business at 2201 Cottman Avenue, Philadelphia, Pennsylvania 19149.").

In response, Defendant argues that 28 U.S.C. § 1441(b) does not prohibit removal where the defendant has not been joined and served properly.  In support of this argument, Defendant maintains that it was joined fraudulently to this action because "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment."[2]  Boyer, 913 F.2d at 111 (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 32 (3d Cir. 1985)).  According to Defendant, Plaintiff's claim against it has no "colorable ground" for two reasons: (1) because Plaintiff sued under the name "Neshaminy Mall" rather than "Neshaminy Mall Joint Venture Limited Partnership," it cannot maintain an action in its fictitious name without first registering the name; (2) under Pennsylvania law, an action for ejectment is premature because Plaintiff filed suit before the lease's expiration on October 30, 2007.  Defendant argues that because Plaintiff's claim is meritless, 28 U.S.C. § 1441(b) does not bar removal.

Without addressing either of Defendant's arguments, the Court finds that removal was

---

    [2]    Sports Favorites, Inc., the sole defendant in this action, is in effect arguing a motion to dismiss.  The appropriate forum for such a motion under the circumstances of this case clearly is the state court.

improper in this instance.  28 U.S.C. § 1441(b) clearly prohibits Defendant, a Pennsylvania resident, from removing a case filed in Pennsylvania state court.  Defendant's argument about "fraudulent joinder" unravels in light of one crucial fact: Defendant was not joined to this action as a codefendant at all—it was sued in state court as the sole defendant in an ejectment action.  As the Third Circuit has explained, the "fraudulent joinder" provision of 28 U.S.C. § 1441(b) was designed to prevent plaintiffs from avoiding removal by joining additional "sham" defendants to destroy diversity.  See, e.g., In re Briscoe, 448 F.3d 201, 216 (3d Cir. 2006) (explaining that pursuant to the doctrine of fraudulent joinder, a "diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction"); Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) ("When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.").  Defendant cites no case, and the Court can find none, to support its manifestly frivolous theory that the sole defendant in a state court action may invoke the fraudulent joinder exception and remove because it believes the claims against it lack merit.  Accordingly, the Court will remand the action.

### B. Attorney's Fees

Plaintiff requests an award of attorney's fees for having to file the instant Motion. Pursuant to 28 U.S.C. § 1447(c), the Court is empowered to award "just costs and actual expenses, including attorney fees, incurred as a result of the removal."  Generally, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141

(2005).  The Third Circuit has instructed that in order to award fees, the Court need not find that Defendant removed the case in bad faith.  See Mints v. Educ. Testing Serv., 99 F.3d 1253, 1260 (3d Cir. 1996).  In cases where the defect in removal "is plain in the law and would have been revealed to counsel for the defendant with a minimum of research," an award of fees is appropriate.  Twp. of Whitehall v. Allentown Auto Auction, 966 F. Supp. 385, 386 (E.D. Pa. 1997); see also Mints, 99 F.3d at 1261 (upholding the district court's award of fees where "there was no colorable basis for the removal").

In the instant case, the Court finds that "there was no colorable basis for the removal."  Even a minimal amount of research would have revealed that a Pennsylvania defendant may not remove a case filed in Pennsylvania state court.[3]  Defendant's argument to the contrary, which lacks the support of even a single case and contradicts the text of the removal statute, is legally frivolous.  Accordingly, the Court concludes that an award of attorney's fees is appropriate.  See, e.g., Siebert v. Norwest Bank, 166 F. App'x 603, 607 (3d Cir. 2006) ("[W]here the substantive basis for the removal petition was 'frivolous' or 'insubstantial,' a district court may exercise its discretion to award fees."); Mints, 99 F.3d at 1261 (upholding the district court's fee award where "the assertion in the removal petition that the district court had jurisdiction was, if not frivolous, at best insubstantial"); Plevretes v. La Salle Univ., 2007 U.S. Dist. LEXIS 93029, at *7-8 (E.D. Pa. Dec. 19, 2007) (awarding fees where "[r]emoval on the basis of diversity was . . . expressly prohibited by 28 U.S.C. § 1441(b)").

---

[3] Indeed, in a letter dated November 16, 2007, Plaintiff warned Defendant that removal was prohibited expressly by statute and that if Defendant did not consent to remand, it would seek attorney's fees when filing a motion to remand.  See Ex. F to the Mot.  Rather than join in a request for remand, Defendant instead filed a frivolous opposition, thereby consuming judicial resources and delaying resolution of Plaintiff's claim.

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion will be granted.  Because Defendant removed the case without a colorable basis for doing so, the Court will grant Plaintiff's request for attorney's fees incurred as a result of the frivolous removal.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NESHAMINY MALL** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 07-4789 |
| | : | |
| **SPORTS FAVORITES, INC.** | : | |

**ORDER**

**AND NOW**, this 8TH day of May, 2008, upon consideration of Plaintiff's Motion to Remand (docket no. 3), Defendant's Response (docket no. 4), and Plaintiff's Reply (docket no. 6), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that this action is **REMANDED** to the District Magistrate Court of Bucks County, Pennsylvania for further proceedings.  It is **FURTHER ORDERED** that Defendant shall pay attorney's fees that Plaintiff reasonably incurred as a result of the removal.  Pursuant to Federal Rule of Civil Procedure 54(d)(2), Plaintiff shall file an affidavit detailing all such attorney's fees within fourteen (14) days of the date of this Order.  If Plaintiff files an affidavit, Defendant shall have ten (10) days after receipt to file any response.

BY THE COURT:


/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN,  J.**